Joseph **DIGGS**, Petitioner–Appellant,

v.

Cheryl **PLILER**; et al., Respondents–Appellees.

No. 07–15755.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 16, 2008.

Filed July 8, 2008.

Nina Wilder, Esq., Marc J. Zilversmit, Esq., Weinberg & Wilder, San Francisco, CA, for Petitioner–Appellant.

Gregory A. Ott, Esq., AGCA–Office of the California Attorney General, San Francisco, CA, for Respondents–Appellees.

Before: B. FLETCHER and RYMER, Circuit Judges, and DUFFY *, Senior District Judge.

## MEMORANDUM **

Petitioner–Appellant Joseph Diggs, currently serving a sentence of 25 years to life, seeks relief via Federal habeas from his California state law convictions for conspiracy to commit first-degree murder, attempted murder, and assault with a firearm. The district court denied Diggs's petition; we have jurisdiction under 28 U.S.C. § 2253 and affirm.

We review the district court's denial of Diggs's habeas petition *de novo*. *See Arnold v. Runnels*, 421 F.3d 859, 862 (9th Cir.2005). Diggs's habeas petition was filed on July 16, 1999, and is thus governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Under AEDPA, habeas relief can be granted only if the state court's denial of relief was contrary to or involved an unreasonable application of clearly established Federal law as determined by the Supreme Court, or was based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d); *Carey v. Musladin*, 549 U.S. 70, 127 S.Ct. 649, 652–54, 166 L.Ed.2d 482 (2006). "[M]istakes in reasoning," or "use of the wrong legal rule or framework" constitute error under § 2254(d)(1). *See Frantz v. Hazey*, 533 F.3d 724, 734 (9th Cir.2008) (en banc). If faced with such error, we review the

---

* The Honorable Kevin Thomas Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

petitioner's constitutional claims *de novo.* *See id.* at 1016.

■ Diggs, who was tried along with his co-defendants in a joint trial, first argues that his co-defendant's statement was admitted against him in violation of *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). Assuming that Diggs preserved the issue, we nonetheless conclude, as did the district court, that his *Bruton* claim fails on the merits. *Bruton*'s prohibition on the admission of a co-defendant's statement does not extend to a co-defendant's "confession [that] was not incriminating on its face, and became so only when linked with evidence introduced later at trial (the defendant's own testimony)." *Richardson v. Marsh,* 481 U.S. 200, 208, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987); *see also United States v. Angwin,* 271 F.3d 786, 796 (9th Cir.2001), *overruled on other grounds in United States v. Lopez,* 484 F.3d 1186 (9th Cir.2007) (en banc). Here, Diggs's co-defendant's statement was not facially inculpatory; it did not point to Diggs as the perpetrator or even suggest that Diggs was with the victim at the time of the crime. Diggs's co-defendant's statement was inconsistent with his own as to the specific sequence of events leading up to the victim's shooting, but this inconsistency became inculpatory only when viewed in light of all of the evidence presented at trial. This does not amount to a *Bruton* violation. *Richardson,* 481 U.S. at 208, 107 S.Ct. 1702; *see also Brown v. Maloney,* 267 F.3d 36, 42 (1st Cir.2001). Even if there were a *Bruton* violation any error was harmless in light of the remaining evidence supporting the convictions. *Angwin,* 271 F.3d at 797–98.[1]

■ Diggs next seeks relief based on juror misconduct. During deliberations, at least two jurors consulted a bus schedule to aid in the construction of a timeline of events for the evening the crimes took place. The state appellate court rejected this claim on direct appeal. Although the state appellate court agreed that consultation of the bus schedule was juror misconduct, because the bus schedule did not contradict other evidence submitted at trial and timing was not a disputed issue, it deemed the error harmless under *In re Carpenter,* 9 Cal.4th 634, 653, 38 Cal. Rptr.2d 665, 889 P.2d 985 (Cal.1995) (misconduct results in reversal "only if there appears a substantial likelihood of jury bias"). We assume, without deciding, that the state law "substantial likelihood" test is not co-extensive with the federal standard for harmless error review on direct appeal, "harmless beyond a reasonable doubt." *Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). Accordingly, we do not apply AEDPA deference to the state court's rejection of the juror misconduct claim and proceed to analyze it under the "substantial and injurious effect" standard from *Brecht v. Abrahamson,* 507 U.S. 619, 631, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993). *See Fry v. Pliler,* ——— U.S. ———, 127 S.Ct. 2321, 2328, 168 L.Ed.2d 16 (2007) (holding that federal habeas review of constitutional error in state-court trial is reviewed under *Brecht,* regardless of whether state court recognized the error and reviewed under *Chapman* on direct appeal); *Inthavong v. Lamarque,* 420 F.3d 1055, 1059 (9th Cir.2005).

We conclude that the jury's consultation of the bus schedule was harmless error under *Brecht.* Timing was not a disputed issue in Diggs's trial. In his own state-

---

1. Given this disposition, there is no need to reach Diggs's ineffective assistance of counsel claim because it turns on the asserted *Bruton* error. *See Jackson v. Brown,* 513 F.3d 1057, 1070 (9th Cir.2008).

ment, Diggs admitted to being with the victim shortly before the shooting. There is no suggestion that the bus schedule was inconsistent with other evidence before the jury. We therefore affirm the district court's denial of habeas relief on this claim; consultation of the bus schedule did not have a substantial and injurious effect on the verdict. *See Lawson v. Borg,* 60 F.3d 608, 612 (9th Cir.1995); *see also United States v. Bagnariol,* 665 F.2d 877, 888–89 (9th Cir.1981) (finding no juror misconduct under *Chapman* where juror consulted library reference materials that had no bearing on issues of guilt or innocence and did not render remaining evidence more or less credible).

Finally, we reject Diggs's claim that there was insufficient evidence to support the verdict. The state appellate court rejected this claim, applying the standard from *Jackson v. Virginia,* which calls for the reviewing court to consider "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (emphasis in original). The state court's determination was not an unreasonable application of *Jackson.* Although the evidence against Diggs was almost entirely circumstantial, that is an insufficient basis to upset the jury's verdict. *See United States v. Woodley,* 9 F.3d 774, 779 (9th Cir.1993).

**AFFIRMED.**